IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HIGHWAY COMMERCIAL SERVICES, INC.,** | : | |
| | : | Case No. 2:07-cv-1252 |
| Plaintiff, | : | Judge Holschuh |
| v. | : | Magistrate Judge Abel |
| **MICHAEL ZITIS, et al.,** | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

Plaintiff, Highway Commercial Services, Inc., filed suit against Michael Zitis, Freight Star Landlines, Inc., and Midwest Trailer Repair, Inc., alleging fraud, breach of contract, and negligence.  This matter is before the Court on Defendant Midwest's Motion to Dismiss or Transfer Venue.  (Record at 6).  Midwest contends that this Court lacks personal jurisdiction over it.  For the reasons stated below, the Court grants Midwest's motion and dismisses Plaintiff's claims against Midwest without prejudice.

**I.      Background and Procedural History**

Plaintiff Highway Commercial Services, Inc. is an Ohio corporation that leases tractors and trailers. Defendant Midwest Trailer Repair, Inc. is an Illinois corporation that sells tractors and trailers.  Defendant Michael Zitis is a resident of Illinois and is affiliated with Defendant Freight Star Landlines, Inc.  On or about September 30, 2005, Plaintiff entered into a Master Vehicle Lease Agreement with Zitis.  That agreement was to govern the future lease of each vehicle designated on "Schedule A."  The Master Vehicle Lease Agreement ("the Agreement") contained a forum selection clause which provided that "[a]ny controversy, claim or dispute

arising out of or relating to this Lease shall be brought only in the Court of Common Pleas, Franklin County, Ohio." (Ex. A to Compl. at ¶ 26).

Several months after the Agreement was executed, Plaintiff purchased seventeen trailers from Midwest. Eight of those trailers were purchased in December of 2005; nine more were purchased in April of 2006. Pursuant to the Agreement, Plaintiff then leased those seventeen trailers, which were identified on "Schedule A," to Zitis. Plaintiff instructed Midwest to title the seventeen trailers in Plaintiff's name but Midwest erroneously issued the titles in Zitis's name. Zitis later defaulted on his monthly lease payments to Plaintiff. When Plaintiff attempted to repossess the trailers, it discovered that Zitis had used the trailers as collateral for a loan obtained through Plaza Bank. Zitis had defaulted on that loan and Plaza Bank had already repossessed seven of Midwest's trailers.

Plaintiff then filed suit in the Franklin County Court of Common Pleas, asserting claims of breach of contract and fraud against Zitis and Freight Star (Counts 1 and 2), and claims of negligence and breach of contract against Midwest (Counts 3 and 4). Midwest removed the case to federal court and then filed the pending motion to dismiss for lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2).[1] Midwest argues that because it does not have a sufficient number of minimum contacts with Ohio, this Court's exercise of jurisdiction would violate constitutional due process standards. In response, Plaintiff argues that Midwest is bound by the forum selection clause contained in the Agreement because Plaintiff's claims against Midwest "arise out of and relate to" that Agreement. Midwest maintains that since it is not a party to the Agreement, it is

---

[1] In the alternative, Midwest asks the Court to transfer the case to "the proper venue," but does not identify where that might be. See Fed. R. Civ. P. 12(b)(3).

not bound by the forum selection clause.

## II.     Discussion

### A.     Relevant Law

The plaintiff bears the burden of demonstrating that personal jurisdiction over a defendant exists.  Compuserve, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996).  In deciding a motion to dismiss for lack of personal jurisdiction, the Court, in its discretion, may resolve the motion without conducting an evidentiary hearing; however, in the absence of such a hearing, the Court must construe the pleadings, affidavits and other evidence in the light most favorable to the plaintiff.  Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002).  Additionally, in such a case, the plaintiff must demonstrate only a *prima facie* case of personal jurisdiction over the defendant in order to survive a motion to dismiss brought pursuant to Rule 12(b)(2).  Id.; see also Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790, 792-93 (6th Cir. 1996).   If the plaintiff's allegations of fact establish a *prima facie* case of personal jurisdiction, the inquiry ends; a court does not weigh controverting factual allegations of the defendant.  Compuserve, 89 F.3d at 1262; Serras v. First Tenn. Bank Nat'l Assoc., 875 F.2d 1212, 1214 (6th Cir. 1989).  However, factual allegations of the defendant which are consistent with the plaintiff's allegations may be considered.  Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 153 (6th Cir. 1997).

Generally, in order for a court to exercise personal jurisdiction over a defendant, that defendant must be amenable to service of process under Federal Rule of Civil Procedure 4(k).  That rule typically allows service of process to reach any person "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."  Fed. R. Civ. P. 4(k)(1)(A).  Accordingly, whether personal jurisdiction exists depends on the law of

the state in which the district court sits.  American Greetings Corp. v. Cohn, 839 F.2d 1164, 1167 (6th Cir. 1988).  Ohio law therefore governs the determination of whether this Court may exercise personal jurisdiction over Midwest.

Ohio law sets forth a two-pronged inquiry governing the determination of whether a court may properly exercise personal jurisdiction over an out-of-state defendant.  See Goldstein v. Christiansen, 70 Ohio St. 3d 232, 235, 638 N.E.2d 541, 543 (Ohio 1994).  First, the court must determine whether the Ohio long-arm statute, Ohio Revised Code § 2307.382, and the applicable civil rule confer personal jurisdiction.  Id.  Second, if the defendant is amenable to service under state law, the Court must then determine whether the exercise of personal jurisdiction over the defendant comports with the standards of federal due process as delineated in International Shoe Co. v. Washington, 326 U.S. 310 (1945), and its progeny.  See Goldstein, 70 Ohio St. 3d at 237, 638 N.E.2d at 545.  Due process requires that a defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  International Shoe, 326 U.S. at 316 (internal quotation omitted).  If a defendant has such "minimum contacts," then the defendant "should reasonably anticipate being haled into court" in that forum.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Under the "minimum contacts" inquiry, a defendant may be subject to either general or specific jurisdiction.  See Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003).  General jurisdiction exists when the defendant's contacts with the state are so substantial, continuous, and systematic that the state may exercise personal jurisdiction over the defendant even if the action does not relate to the defendant's contacts with the state.  Helicopteros Nacionales de Colombia,

S.A. v. Hall, 466 U.S. 408, 414-15 (1984) (citing Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 447-49 (1952)).

Specific jurisdiction, on the other hand, exists when a state "exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." Helicopteros, 466 U.S. at 414 n.8. The Sixth Circuit has set forth a three-part test for determining whether due process is satisfied such that a court may exercise specific jurisdiction over the defendant. Southern Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968). Under this three-part test, the court must determine: (1) whether the defendant purposely availed itself of the privilege of acting in or causing a consequence in the forum state; (2) whether the cause of action arises from the defendant's activities in the forum state; and (3) whether the acts or consequences caused by the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable. Id. The relationship between the defendant, the forum, and the litigation allows a court to exercise specific jurisdiction over a defendant on the basis of fewer contacts than general jurisdiction. Helicopteros, 466 U.S. at 414. However, if any one of the three requirements in Southern Machine is not met, the court may not invoke personal jurisdiction over the defendant. LAK, Inc. v. Deer Creek Enters., 885 F.2d 1293, 1303 (6th Cir. 1989).

Even if a district court would not otherwise have personal jurisdiction over an out-of-state defendant, it is well established that a party may waive the personal jurisdiction requirement. See Kennecorp Mortgage Brokers, Inc. v. Country Club Convalescent Hosp., 66 Ohio St. 3d 173, 175, 610 N.E.2d 987, 989 (Ohio 1993). A valid forum selection clause in a commercial contract is one way by which the parties may consent to the jurisdiction of a particular court. See Information

5

Leasing Corp. v. King, 155 Ohio App. 3d 201, 2003-Ohio-5672, 800 N.E.2d 73, at ¶ 15.

**B.     Application**

In its motion to dismiss, Midwest argues that because there are no factual allegations in the Complaint to support a finding that Midwest, an Illinois corporation, has continuous and systematic contacts with Ohio, this Court lacks general personal jurisdiction. Midwest also argues that the factual allegations in the Complaint are insufficient to give rise to specific personal jurisdiction. The Complaint simply alleges that Plaintiff purchased trailers from Midwest and that Midwest, contrary to the instructions Plaintiff provided, erroneously titled the trailers in Zitis's name. The Complaint does not allege that these transactions took place in Ohio.

Plaintiff does not refute these arguments. It impliedly concedes that this Court's exercise of personal jurisdiction over Midwest would not comport with the due process requirements of International Shoe. Plaintiff argues only that the forum selection clause contained in the Master Vehicle Lease Agreement between Plaintiff and Zitis is binding. As noted earlier, that clause provides that "[a]ny controversy, claim or dispute arising out of or relating to this Lease shall be brought only in the Court of Common Pleas, Franklin County, Ohio." (Ex. A to Compl. at ¶ 26). Plaintiff maintains that its claims of negligence and breach of contract against Midwest directly arise out of and relate to that Agreement. Plaintiff alleges that Midwest negligently titled the trailers, listed in "Schedule A," in Zitis's name and, in doing so, breached its sales agreement with Plaintiff.

In response, Midwest argues that because it was not a party to the Agreement and did not participate in negotiating the Agreement, it cannot be deemed to have waived the personal jurisdiction requirement through the Agreement's forum selection clause. The Court agrees. As

6

one Ohio appellate court has noted, "under the basic principles of contract law, a contractual agreement is unenforceable against a person or entity who was not a party to the contract." WashPro Express, LLC v. VERwater Envtl., LLC, 2007 WL 641425, 2007-Ohio-910, at ¶ 9 (12th Dist. Mar. 5, 2007).

There are exceptions to this rule. A non-party to a contract may be bound by a forum selection clause if the party is so closely related to the dispute that it is foreseeable that the party will be bound. For example, shareholders, officers, and directors of a corporation may be bound by a forum selection clause in a corporate contract. See Marano Enters. of Kansas v. Z-Teca Rests., L.P., 254 F.3d 753, 757 (8th Cir. 2001); Manetti Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 514 n. 5 (9th Cir. 1988). Corporations wholly owned and controlled by a signatory to a contract may also be bound by a forum selection clause. See Hugel v. Corporation of Lloyd's, 999 F.2d 206, 209-10 (7th Cir. 1993).[2] Third-party beneficiaries to a contract may be similarly bound. See Barrett v. Picker Int'l, Inc., 68 Ohio App. 3d 820, 826, 589 N.E.2d 1372, 1375-76 (Ohio Ct. App. 1990).

An agent may also act to bind a principal to a forum selection clause. In WashPro Express, the issue was whether WashPro Express, LLC could be bound by a forum selection clause contained in a contract between VERwater Environmental, Inc. and WashPro, Inc. The court noted:

> It is undisputed that WashPro Express and WashPro, Inc. are separate legal entities. Therefore, for WashPro Express to be bound by a clause contained in a contract between VERwater and WashPro, Inc., the evidence must show that WashPro, Inc. or its

---

[2] Hugel was distinguished by the Sixth Circuit in Baker v. LeBoeuf, Lamb, Leiby & Macrae, 105 F.3d 1102, 1106 (6th Cir. 1997).

>representative had either actual or apparent authority to act as an agent of WashPro Express.

2007 WL 641425, at ¶ 13.  Finding no such agency relationship, the court held that WashPro Express was not bound by the forum selection clause.  Id. at ¶ 7.

In the instant case, there is no reason to deviate from the general rule that a forum selection clause is not enforceable against a non-party to the contract.  Plaintiff and Midwest are entirely separate legal entities.  Midwest is neither owned nor operated by either of the parties to the Agreement, nor is Midwest a third-party beneficiary to that Agreement.  Moreover, there is no reason to believe that either signatory had actual or apparent authority as an agent to bind Midwest to the Agreement.

In fact, the only connection Midwest has to the Agreement is that it sold Plaintiff some of the trailers listed in Schedule A of the Agreement.[3]  Moreover, that sale did not take place until three months *after* the Agreement was signed, and there is no reason to believe that Midwest would have been provided with a copy of that Agreement in connection with the sale.  Under these circumstances, it cannot be said that Midwest is so closely related to the parties or to the dispute that it was foreseeable that it would be bound by the forum selection clause contained in the Agreement.

Therefore, although it could be argued that Plaintiff's claims against Midwest "relate to" the lease, the forum selection clause is not enforceable against Midwest, a non-signatory.  Since Midwest has not waived the personal jurisdiction requirement and Plaintiff has failed to make a prima facie showing that this Court has personal jurisdiction over Midwest, the Court will

---

[3] Trailers purchased from other entities were also subject to the Master Vehicle Lease Agreement.

dismiss Plaintiff's claims against Midwest without prejudice.

### III. Conclusion

For the reasons stated above, pursuant to Federal Rule of Civil Procedure 12(b)(2), the Court **GRANTS** Defendant Midwest's Motion to Dismiss for lack of personal jurisdiction (Record at 6), and **DISMISSES WITHOUT PREJUDICE** Counts 3 and 4 of the Complaint.

**IT IS SO ORDERED.**


Date: April 21, 2008                              **/s/ John D. Holschuh**
                                                  John D. Holschuh, Judge
                                                  United States District Court