IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HIGHWAY COMMERCIAL SERVICES, INC., | : | |
| | : | Case No. 2:07-cv-1252 |
| Plaintiff, | : | Judge Holschuh |
| v. | : | Magistrate Judge Abel |
| MICHAEL ZITIS, et al., | : | |
| Defendants. | : | |

## MEMORANDUM OPINION & ORDER

It has been brought to the attention of the undersigned judge that Plaintiff has filed a motion for default judgment against Defendants Michael Zitis and Freight Star Landlines, Inc. (Doc. 36.)  The Clerk has previously entered default against these two defendants.  In his motion, Plaintiff asks the Clerk to enter judgment in the amount of $684,009.19 pursuant to Federal Rule of Civil Procedure 55(b)(1).  That Rule provides as follows:

> If the plaintiff's claim is for a sum certain or a sum that can be
> made certain by computation, the clerk--on the plaintiff's request,
> with an affidavit showing the amount due--must enter judgment for
> that amount and costs against a defendant who has been defaulted
> for not appearing and who is neither a minor nor an incompetent
> person.

Fed. R. Civ. P. 55(b)(1).

In support of Plaintiff's motion for default judgment, Plaintiff's attorney, Stuart A. Strasfeld, submitted an affidavit stating that "Plaintiff's claim against defendants is for a sum certain, to wit: $684,009.19 ($689,009.19 principal, $.00 interest) through August 19, 2008." The affidavit, however, contains absolutely no explanation of how Plaintiff's counsel arrived at this particular figure, and the Complaint itself sheds little light on this subject.

Plaintiff's Complaint contains four causes of action. Count 1 asserts a breach of contract claim against Michael Zitis. Count 2 asserts a fraud claim against Zitis and Freight Star Landlines, Inc. Counts 3 and 4 assert claims of negligence and breach of contract against Midwest Trailer Repair, Inc. The Court, however, has dismissed Counts 3 and 4 for lack of personal jurisdiction over that particular defendant.

According to the Complaint, with respect to Count 1, upon Zitis's default on the lease, Plaintiff is entitled to recover as liquidated damages:

(a) Any rental payments or other amounts due and owing as of the time of default; plus
(b) The present value, as of the same date, of the total rental payments for the then remaining term of the Lease; plus
(c) The residual Value as set forth in Schedules "A" (less a deduction for the time value of such payment); plus
(d) An amount equal to one (1) monthly rental payment; plus
(e) Any and all commissions, charges, fees, expenses, or other amounts paid by Plaintiff, or its Assignee, as consideration for the assignment of the Lease.

(Compl.¶ 10.) Plaintiff claims that the total owed by Zitis for the alleged breach of contract is "in excess of $250,000.00." (Compl. ¶ 12.) With respect to Count 2, the fraud claim, Plaintiff seeks compensatory damages of $250,000.00, plus punitive damages of $500,000.00 and reasonable attorney's fees. (Compl. ¶¶ 20-21.) In his prayer for relief, Plaintiff demanded judgment against Zitis, Freight Star, and Midwest, "jointly and severally, in an amount in excess of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00), interest; reasonable legal fees; the costs of this action; and for such other and further relief as this Court deems to be fair and equitable."

"A claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." KPS & Assocs., Inc. v. Designs by

FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003).  In this case, the Complaint recites the relevant portion of the agreed-upon formula for determining liquidated damages for a breach of the lease agreement.  However, because the date of Zitis's alleged default is not part of the record before this Court, the liquidated damages on the breach of contract claim are not readily determinable.  More importantly, to the extent that Plaintiff is also seeking compensatory and punitive damages on the fraud claim, clearly those damages are not for a "sum certain or a sum that can be made certain by computation."  See Fed. R. Civ. P. 55(b)(1).  Under these circumstances, it is not appropriate for the Clerk to enter default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1).  For that reason, Plaintiff's motion is **DENIED**.

Plaintiff's counsel should have instead filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), which provides "[i]n all other cases, the party must apply for a default judgment."  That Rule further provides that "[t]he court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed. R. Civ. P. 55(b)(2).

Within 15 days of the date of this Order, Plaintiff shall file an appropriate motion for default judgment pursuant to Rule 55(b)(2).  Plaintiff shall attach an affidavit explaining in detail how he calculated his request for a default judgment in the amount of $684,009.19 against Zitis and Freight Star.  After examining that motion and affidavit, the Court will determine whether an evidentiary hearing is needed.

**IT IS SO ORDERED.**

Date: August 28, 2008                               **/s/ John D. Holschuh**
                                                    John D. Holschuh, Judge
                                                    United States District Court